396 So.2d 1133 (1980)
Stephen M. SHEWAN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-448/T4-427.
District Court of Appeal of Florida, Fifth District.
December 17, 1980.
On Rehearing April 8, 1981.
Richard L. Jorandby, Public Defender and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Richard Combs, Asst. State Atty., Orlando, for appellee.
SHARP, Judge.
Shewan appeals from a judgment convicting him of robbery. Prior to entering his nolo contendere plea to the robbery charge, he reserved his right to appeal the denial of his motion for discharge because of lapse of the speedy trial time set forth in section 941.45, Florida Statutes (1977). We affirm the judgment.
Shewan was serving a sentence in the Federal prison in Miami when the State of Florida charged him on May 12, 1978 with armed robbery.[1] The state took custody of the defendant and arraigned him in Orange County, on September 15, 1978. On November 21, 1978, a federal prison official wrote to the assistant state attorney in Orlando reminding him that Shewan had requested a final disposition of the state charges against him on August 23, 1978, and that pursuant to section 941.45(3) of the Interstate Agreement on Detainers,[2] Shewan had to be brought to trial within 180 days of the time his request was delivered to the appropriate officials.
Trial was set for January 18, 1979. On January 22, 1979, the defendant's attorney moved for a continuance on the grounds that he was ill and unable to conduct the trial on January 18, 1979. The court granted the motion for continuance and reset the trial for February 6, 1979. On February 8, 1979 Shewan moved for discharge, which the court denied and on February 13, 1979 he entered his nolo plea.
Shewan argues that section 941.45(4)(c) sets a 120 day period within which a prisoner confined in another state, or in the federal prison, must be brought to trial, after the state has obtained custody of the prisoner. The statute provides:

*1134 In respect of any proceeding made possible by this subsection, trial shall be commenced within one hundred twenty (120) days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. (Emphasis supplied).
Florida's applicable speedy trial rule, Rule 3.191(a)(1) provides that Shewan must be brought to trial within 180 days after being delivered to the custody of Florida:
[E]very person charged with a crime by indictment or information shall without demand be brought to trial... within 180 days if the crime charged be a felony... . The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. (Emphasis supplied).
If this case involved only those two provisions, we would be required to determine whether or not section 941.45(4)(c) is constitutional, and whether or not the time periods established by the rule and statute are "substantive" or "procedural." State v. Golden, 350 So.2d 344 (Fla. 1976).
In this case, however, Shewan initiated the proceedings in the state court by requesting a "final disposition" of the information filed against him, pursuant to section 941.45(3)(a). This section provides:
Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state an untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint... . (Emphasis supplied).
The record shows that Shewan's request was made on August 23, 1978. His trial was set, and his plea was entered within the 180 day period established by the Detainer statute, and by the Florida Speedy Trial Rule. The judgment is therefore affirmed.
AFFIRMED.
DAUKSCH, C.J., and ORFINGER, J., concur.

ON MOTION FOR REHEARING
SHARP, Judge.
In connection with a motion for rehearing, Shewan supplemented the record, at our direction, to establish that the State of Florida, rather than Shewan, initiated the trial proceedings in the state court pursuant to section 941.45(4) of the Interstate Agreement on Detainers Act. Our prior opinion was premised on the assumption that Shewan requested the commencement of the state proceedings pursuant to section 941.45(3) of the Act. Subsequently Shewan did request trial by the state authorities, but only after the state had commenced the proceedings. If the prisoner first requests final disposition, the state has 180 days after proper receipt of the notice and request to bring him to trial. However if the state first requests delivery of the prisoner, the state must bring him to trial within 120 days of his arrival in the state's custody.
In this case the record indicates the prisoner was placed in Florida's custody pursuant to its request on September 15, 1978. A trial date was set for January 17, 1979, more than 120 days after September 15, 1978. Shewan moved for discharge on February 8, 1979, and the trial court denied his motion. He then entered a nolo contendere plea, reserving his right to appeal the denial of his motion for discharge.
There is a conflict in this case between application of the time periods established by section 941.45(4) of the Interstate Agreement on Detainers Act [120 days after Florida *1135 obtained custody of Shewan] and Florida's speedy trial rule 3.191(b)(3) [6 months after proper service of the prisoner's demand to be brought to trial]. The speedy trial rule time runs only from the prisoner's demand for trial, and there is no comparable provision to section 941.45(4) for state authorities triggering a shorter trial time. Shewan was in fact brought to trial within 6 months of his written demand for trial, but he was not tried within 120 days after the state obtained his custody.
State Department of Health & Rehabilitative Services, etc. v. Golden, 350 So.2d 344 (Fla. 1976), appears dispositive of the constitutional question of whether a statute can conflict with the rules.
[T]he length of time an individual may spend in confinement is substantive in nature and within the prerogative of the Legislature to the extent it does not violate a constitutional provision.
350 So.2d at 347. Under the rationale expressed in Golden, the Legislature can shorten the speedy trial times by statute with constitutional impunity.
We recede from our prior opinion in this cause, and accordingly we reverse the conviction, and order Shewan discharged by the state authorities. He shall be transferred to the custody of the Federal Correctional Institution in Miami, or such other federal authorities as may be appropriate.
REVERSED and REMANDED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] The information was amended on September 7, 1978.
[2] § 941.45, Fla. Stat. (1977).